IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CASEY LUCZAK,

    Plaintiff,

v.                                                                           Civil Action No. 1:13cv107
                                                                             Judge Stamp

DAVID J. FARNHAM,

    Defendant.

## REPORT AND RECOMMENDATION

On March 13, 2013, the *pro se* plaintiff, a federal inmate housed at USP Hazelton in Bruceton Mills, West Virginia, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. §1983, along with a motion for leave to proceed in forma pauperis ("IFP"), Consent to Collect, a copy of his Prisoner Trust Fund Account Statement, and an unsigned motion for leave to file excess pages.

Because the plaintiff had not filed his complaint on a court-approved form, the Clerk of Court issued a Notice of Deficient Pleading. On March 18, 2013, plaintiff was granted permission to proceed IFP and directed to pay an initial partial filing fee ("IPFF"). On March 25, 2013, the plaintiff paid his IPFF and filed his complaint on the court-approved form §1983 complaint, provided by the Clerk of Court in error. Because the plaintiff is a federal prisoner, his complaint should have been filed on a court-approved <u>Bivens</u>[1] form complaint, and it will be so construed here.

This case is before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915(A) and LR PL P 2.

The plaintiff has filed the instant purported civil rights complaint against the above-named defendant, a privately-retained attorney from Georgia, who represented him in his underlying criminal conviction obtained in the District of Nevada. In the complaint, the plaintiff asserts that the

---
[1] <u>Bivens v. Six Unknown Namged Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

defendant, who was retained for a "single issue" in *ad hoc* arbitration in the state of Nevada, perjured himself in an affidavit filed in District Court in Nevada. Plaintiff alleges that defendant "collected . . . the sum of $230,000 for the sole purpose of defending him at trial, where after four days the plaintiff learned the attorney had prepared no defense committing [sic] the tort of negligence. This is malpractice."[2] Plaintiff alleges that due to the defendant's "incompetence, negligence, carelessness and perjury[,]" he was sentenced to ten years for "a crime never committed."[3]

As relief, plaintiff seeks "financial damages . . . equal to the court's judgment based on stated evidence and the $230,000 paid to the defendant for services never rendered," and injunctive relief in the form of a "declaratory judgment to resolve any uncertainty as to how this defendant violated the plaintiff's constitutional rights."[4]

Pursuant to 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." In this case, the events giving rise to the plaintiff's cause of action occurred in the District of Nevada, and the plaintiff has not credibly alleged any connection between the defendant and this judicial district. Thus, venue is not appropriate in this Court.

Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned recommends that this matter be **TRANSFERRED** to the United States District Court for the District of Nevada for all further proceedings, and that any motions pending at the time of transfer be carried with the case for consideration by the transferee Court.

---

[2] Dkt.# 12 at 8.

[3] Id. at 9.

[4] Id.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by April 15, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 1, 2013.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE