```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CASEY LUCZAK,**

      **Plaintiff,**

v.   //   CIVIL ACTION NO. 1:13CV107
                             (Judge Keeley)

**DAVID J. FARNHAM,**

      **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [Dkt. No. 13]

Pending before the Court is the Magistrate Judge's Report and Recommendation, (dkt. no. 13), concerning the Motion for Leave to File Excess Pages, (dkt. no. 5), filed by the pro se plaintiff, Casey Luczak ("Luczak"). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

**I.**

On March 13, 2013, Luczak filed a complaint pursuant to 42 U.S.C. § 1983, alleging ineffective assistance of counsel by his former attorney, the defendant, David J. Farnham ("Farnham"). This case was referred to Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with 28 U.S.C. §§ 1915(e) and 1915(a) and LR PL P 2. On March 13, 2013, Luczak filed a Motion for Leave to File Excess Pages. On April 1, 2013, in the course of addressing that issue, Magistrate

**LUCZAK V. FARNHAM**                                                    **1:13CV107**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Judge Seibert recommended that this matter be transferred in its entirety to the United States District Court for the District of Nevada for further proceedings, and that any motions pending at the time of the transfer be transferred with the case. (Dkt. No. 2 at 2). The magistrate judge reasoned that venue is most appropriate in the District of Nevada, because that is where the events giving rise to Luczak's cause of action occurred and he has not established any connection regarding those events to the Northern District of West Virginia. Id.

Luczak filed three identical objections to the R&R, the first on April 9, 2013, the second on April 10, 2013, and the third on September 20, 2013,(dkt. nos. 17, 18 & 24). All contend that his case should be transferred to the United States District Court for the Northern District of Georgia, which he asserts is the most appropriate venue for this action. After conducting a de novo review of the portion of the R&R to which Luczak objects, the Court concludes that his objection is without merit, and that, as recommended, this case should be transferred to the United States District Court for the District of Nevada.

**II.**

Luczak's complaint alleges that Farnham provided ineffective assistance during the criminal proceedings held in the District of Nevada. Luczak also contends that Farnham perjured himself in an

2

**LUCZAK V. FARNHAM**                                              **1:13CV107**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

affidavit filed with that court. He further alleges that Farnham demonstrated "incompetence, negligence, carelessness, and perjury" at trial, as a consequence of which Luczak was sentenced for a crime he never committed. (Dkt. No. 12 at 8).

Luczak is seeking $230,000 in damages for the fees he paid to Farnham for his legal representation. Additionally, he seeks injunctive relief in the form of a declaratory judgment to "resolve any uncertainty as to how this defendant violated the plaintiff's constitutional rights." Id.

### III.

Pursuant to 28 U.S.C. § 1631, whenever a civil action is filed in a court and "that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed [...]"

According to 28 U.S.C. 1391(b), a plaintiff may file a complaint in a civil action wherein jurisdiction is not founded solely on diversity of citizenship in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred [...] or (3)

**LUCZAK V. FARNHAM**                                                     **1:13CV107**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

a judicial district in which any defendant may be found, if there is no district to which the action may otherwise be brought."

**IV.**

Luczak does not dispute the magistrate judge's finding that venue is improper in this district; rather, he argues that the magistrate judge improperly recommended that this case be transferred to the District Court of Nevada. He seeks to have this case transferred to the Northern District of Georgia simply because the defendant resides in the state of Georgia.

Because the events giving rise to this action all took place in Nevada, the magistrate judge properly concluded that this case should be transferred to the District of Nevada. Luczak's criminal conviction occurred in Nevada, and the proceedings in which he is claiming he received ineffective assistance of counsel all took place there. The only connection the Northern District of Georgia has to this case is that the defendant resides there. That fact is not dispositive, however, and, in the interest of justice, venue is most appropriate in the District of Nevada where Luczak was tried and convicted, while Farnham served as his retained defense attorney.

Accordingly, the Court **DENIES** Luczak's Motion for Leave to File Excess Pages as moot and **TRANSFERS** this case to the United States District Court for the District of Nevada.

**LUCZAK V. FARNHAM**                                              **1:13CV107**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**V.**

For the reasons stated above, the Court:

1.  **ADOPTS** the Report and Recommendation in its entirety (dkt. No. 13);

2.  **OVERRULES** Luczak's objections to the Report and Recommendation (dkt. nos. 17, 18, & 23);

3.  **DENIES** Luczak's Motion for Leave to File Excess Pages as moot (dkt. no. 5);

4.  **ORDERS** that this case be **TRANSFERRED** to the United States District Court for the District of Nevada for all further proceedings, and that any motions pending be transferred with the case for consideration by the transferee court; and

5.  **ORDERS** that this case be **STRICKEN** from the docket of this Court.

If Luczak should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies

5

**LUCZAK V. FARNHAM**                                                    **1:13CV107**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

of both orders to counsel of record and to the pro se plaintiff,

certified mail, return receipt requested.

DATED: November 18, 2013


                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE